UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BILLY EDWARD TOYCEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF YAKIMA MUNICIPAL COURT, YAKIMA POLICE DEPARTMENT, UNITED STATES OF AMERICA, YAKIMA COUNTY and WASHINGTON STATE,<br><br>Defendants. | NO: 1:16-CV-03189-SMJ<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**1915(g)** |

By Order filed March 6, 2017, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 8. Plaintiff, a prisoner at the Yakima County Jail, is proceeding *pro se* and *in forma pauperis*; Defendants have not been served in this action.

Although granted the opportunity to do so, Plaintiff has not amended his complaint to state a claim upon which relief may be granted. The State of Washington is not a person amenable to suit under section 1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) (holding that a State is not

ORDER DISMISSING COMPLAINT – 1

a "person" under section 1983). A municipal court, as an arm of the state, is immune from a section 1983 suit for monetary damages. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

Plaintiff named Yakima County as a Defendant but failed to allege that his constitutional rights were violated pursuant to an official governmental policy or custom. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978). He improperly named the Yakima Police Department as a defendant. *See United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983).

Plaintiff's allegations against the United State of America were unclear. Regardless, there is generally no liability under § 1983 for federal actors. *See Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (finding a complaint "invalid on its face in its reliance upon § 1983 as a cause of action against federal government actors").

For the reasons set forth above and in the Court's prior order, **IT IS ORDERED** the complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for

failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter Judgment, forward copies to Plaintiff at his last known address, and **CLOSE** the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** this 19th day of June 2017.

SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING COMPLAINT – 3